# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

JASON OMAR JOHNSON,   )
                      )
   Plaintiff,        )
                      )
v.                    )   Case No. 1:22-cv-00170-ACA-SGC
                      )
CLEBURN COUNTY        )
COURTHOUSE, *et al.*, )
                      )
   Defendants.       )

## **MEMORANDUM OPINION**

Plaintiff Jason Omar Johnson's complaint alleges that Defendants Cleburn County Courthouse and Calhoun County Courthouse sentenced him to an "illegal sentence that cause[d] imprisonment." (Doc. 1 at 3). Mr. Johnson seeks "reimbursement . . . for every second [he] served incarcerated." (*Id.* at 4). The magistrate judge entered an order requiring Mr. Johnson to show cause why the action should not be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which bars plaintiffs from seeking money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction of sentence invalid," unless the plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of

a writ of habeas corpus." (Doc. 3). The magistrate judge explained the difference between a civil action brought under 42 U.S.C. § 1983 and a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, advised Mr. Johnson that he could challenge his conviction or sentence by filing a federal habeas petition, and attached § 1983 and § 2254 forms for Mr. Johnson to fill out. (*Id.*).

After Mr. Johnson failed to respond to the order, the magistrate judge entered a report recommending that the court dismiss this action for Mr. Johnson's failure to prosecute and giving him until June 10, 2022 to file any objections. (Doc. 4). Shortly after the magistrate judge entered the report and recommendation, Mr. Johnson updated his address, indicating that he was no longer incarcerated. (Doc. 5). The Clerk of Court mailed a copy of the report and recommendation to Mr. Johnson's new address, after which Mr. Johnson filed objections that were three days late. (Doc. 6). In his objections, Mr. Johnson states that the court should not dismiss his complaint under *Heck*, describes the procedural history of his underlying criminal convictions and sentences, argues that his sentences are "illegal and unauthorized," and requests a new sentencing hearing. (Doc. 6).

The chronology set out above suggests the Mr. Johnson did not receive the court's order to show cause in time to respond by the deadline. Accordingly, the court declines to dismiss this action for failure to prosecute. The court will, however, dismiss the action because it is not cognizable under § 1983.

First, although Mr. Johnson's complaint is cursory, he clearly seeks money damages for his "illegal sentence." (Doc. 1 at 3). Under *Heck*, such a claim is not cognizable unless the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. Mr. Johnson has not alleged that he can satisfy any of those requirements and indeed, his description of the criminal case indicates that no such invalidation has occurred. (*See generally* docs 1, 6). As such, his claim for damages is not cognizable under § 1983.

Second, to the extent Mr. Johnson's objections to the report and recommendation request a new sentencing hearing or to otherwise invalidate his convictions and sentences, he must seek relief under § 2254, not under § 1983. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

For the reasons stated above, the court **REJECTS** the magistrate judge's report and recommendation but **WILL DISMISS** this action **WITHOUT PREJUDICE** because it is not cognizable under § 1983. The court **DENIES AS MOOT** Mr. Johnson's application to proceed *in forma pauperis*. (Doc. 2).

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this June 30, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE